1

2
UNITED STATES DISTRICT COURT
3
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
4

5
SAN JUAN CONSTRUCTION, INC.,

6
            Plaintiff,

CASE NO. MS14-5027 BHS
7
      v.

ORDER GRANTING MOTION
FOR RECONSIDERATION
8
R. CUSTOM EXCAVATION, INC., and
UPPER HUDSON NATIONAL
9
INSURANCE GROUP,

10
            Defendants,

11
M&T SECURITIES

12
            Garnishee.

13

14
       This matter comes before the Court on Garnishee M&T Securities, Inc.'s

15
("M&T") motion for reconsideration (Dkt. 12).  The Court has considered the pleadings

16
filed in support of and in opposition to the motion and the remainder of the file and

17
hereby grants the motion for the reasons stated herein.

18
## I. PROCEDURAL AND FACTUAL HISTORY

19
       On November 14, 2014, Plaintiff San Juan Construction, Inc. ("San Juan") filed an

20
application for a writ of garnishment on Defendants R. Custom Excavation, Inc. and

21
Upper Hudson National Insurance Group ("Upper Hudson") seeking a garnishment of

22
$634,016.20.  Dkt. 1.

ORDER - 1

On November 20, 2014, a writ of garnishment was issued on M&T.  Dkt. 3.  On December 11, 2014, M&T answered stating that it held approximately $200,000 belonging to at least one of the defendants.  Dkt. 4.

On January 5, 2015, San Juan filed a motion for judgment on the answer.  Dkt. 8.  On January 26, 2015, the Court granted the motion, entered judgment in favor of San Juan, and ordered M&T to deposit $201,142.92 into the Court registry in accordance with the funds of Upper Hudson.  Dkt. 10.

On February 9, 2015, M&T filed a motion for reconsideration asserting that the funds were subject to a preexisting obligation.  Dkt. 12.  On February 17, 2015, San Juan responded.  Dkt. 17.  On February 20, 2015, M&T replied.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In this case, M&T moves for reconsideration based on an employee's oversight that the funds are subject to a preexisting obligation.  Although this is new information that could have been brought to the Court's attention earlier, the question is whether the oversight could have been avoided with reasonable diligence.  This is a close question, but, based on the underlying merits arguments, the Court finds that the oversight should

1   be excused.  Moreover, even if the Court denied the instant motion, M&T has set forth

2   persuasive arguments for a Rule 60 motion to vacate the judgment.  It is in the best

3   interests of the parties and the Court to vacate the judgment now and proceed to the

4   merits of the preexisting obligation rather than waste additional resources on a

5   subsequent post-judgment motion.  Therefore, the Court grants M&T's motion for

6   reconsideration.

7                                           **III. ORDER**

8          Therefore, it is hereby **ORDERED** that M&T's motion for reconsideration (Dkt.

9   12) is **GRANTED** and the judgment (Dkt. 10) is **VACATED**.  The parties shall meet and

10  confer and submit a status report on how they intend to proceed with this matter.  The

11  report shall be submitted no later than March 20, 2015.

12         Dated this 6th day of March, 2015.

13

14                                          _____

15                                          BENJAMIN H. SETTLE
                                            United States District Judge

16

17

18

19

20

21

22